HARLEY, Respondent, v. TOWN BOARD OF TOWN OF DELA-
FIELD, Appellant.

*April 9—May 5, 1959.*

For the appellant there was a brief and oral argument by *Leon L. Brenner,* attorney, and *Clayton A. Cramer* of counsel, both of Waukesha.

For the respondent there was a brief and oral argument by *James D'Amato* of Waukesha.

MARTIN, C. J.  On May 19, 1958, a petition was filed with the Town Board of the town of Delafield requesting that the Town Board provide for a referendum election to determine whether or not certain territory described in the petition should incorporate as a fourth-class city.  At a meeting on June 2, 1958, the Town Board considered the petition and accompanying documents and refused to call the referendum because of failure to comply with sec. 62.06 (1), Stats., requiring that a census be attached to the petition, and because the board doubted that the area involved has the characteristics of a city.

On June 16, 1958, a census report and other documents relating to the proposed incorporation were filed with the Town Board and the board was then requested to provide for the referendum upon the petition filed May 19, 1958. The board adjourned its June 16th meeting to June 25th to consider the request, and at that time decided not to

change the decision made on June 2d refusing to provide for the referendum election.

On July 5, 1958, plaintiff commenced mandamus proceedings in the circuit court for Waukesha county to compel the Town Board to provide for the election. A return was duly filed and the matter proceeded to trial, which resulted in issuance of the writ.

The first question presented is whether or not the filing of the census on June 16, 1958, complies with the statutory requirements. Sec. 62.06 (1), Stats., provides:

"In addition to the method provided in sec. 61.189 any district containing a population of 1,500 or more, and consisting of, or containing an incorporated or unincorporated village, may become a city. Territory of the area and density of population required by sec. 61.01 constitutes an unincorporated village. Unless the required population is shown by the last national census, a census shall be taken as provided in sec. 61.02 and a record thereof attached to the petition."

It is undisputed that at the time the petition was filed on May 19, 1958, no record of a census was attached thereto. Appellant maintains that, giving the word "attached" its commonly understood meaning, the statute must be held to require that a census report be bound or fastened to the petition at the time the petition is filed. We do not consider that strict construction must lead to such a conclusion. True, when the Town Board considered the petition at its meeting on June 2d there was no census report on file and it properly refused to call a referendum. What took place following the refusal of June 2d is set out as follows in appellant's statement of facts:

"On June 16, 1958, an alleged census report and other documents were filed with the town board relating to the proposed incorporation. The town board was then requested

to provide for such referendum upon the petition filed on May 19, 1958.

"The town board adjourned its meeting to June 25, 1958, to consider the request made, and at that meeting, the board decided not to change the decision made on June 2, 1958, refusing to provide for the referendum election."

The Town Board accepted the filing of the census report and thereafter met to reconsider the request for a referendum. At the time of reconsideration the census report was "attached" to the petition and the Town Board had before it all the documents which the statutes require. The Town Board's action on June 25th was to affirm its decision of June 2d.

Under the circumstances it must be held that at the time the Town Board reconsidered the matter the filing was complete and there was compliance with sec. 62.06 (1), Stats. That being true, there remained for the Town Board only the ministerial act of calling the referendum. It had no discretion to refuse.

Appellant also argues that the census report filed on June 16th fails to comply with the requirement of sec. 62.06 (1), Stats., that such census "shall be taken as provided in sec. 61.02."

Sec. 61.02, Stats., provides that persons intending to make application for the incorporation of a village—

". . . shall also cause to be taken an accurate census of the resident population of such territory as it may be on some day not more than ten weeks previous to the time of making such application, exhibiting the name of every head of a family and the name of every person a resident in good faith of such territory on such day, and the lot or quarter section of land on which he resides, which shall be verified by the affidavit of the person taking the same affixed thereto."

Affidavits attached to the census filed on June 16, 1958, state that the census was taken on June 6 and 7, 1958, and that it is "an accurate census of the resident population,

*as of April 21, 1958,"* of the area involved. April 21, 1958, was within ten weeks previous to June 2d, the date on which the petition was filed. Appellant erroneously construes the provisions of sec. 61.02, Stats., to mean that the census must be taken on a day or days not more than ten weeks previous to the filing of the petition. The section provides that the census shall be of the resident population *"as it may be"* on some day not more than ten weeks previous to the date of application. Clearly, all the statute requires is that the census be fixed as of some day within the ten-week limitation; it does not require that the census shall be actually taken on that day.

Appellant also contends that it is impossible for the Town Board, from an examination of the petition, to determine whether the statutory requirements as to population, land area, and signatures have been complied with, but it offers nothing to support the contention. The trial court said:

"The petition and map as offered seem sufficiently clear that the town board can make this determination."

Since, at the time of decision, the Town Board had not yet determined whether sufficient signatures appeared on the petition, the court ordered that the board make such determination within ten days. Fifteen days thereafter, the Town Board having failed to inform the court as to the number of signatures, the writ issued.

The second reason which the Town Board gave for refusing to call a referendum was that it believes a question exists as to whether the area proposed for incorporation has the characteristics of a city. That is of no concern to the Town Board. The legislature has not given the Town Board discretionary power in the matter. The town is an interested party. Since its position is partisan, the board could hardly be expected to exercise any discretion with objectivity. Sec. 62.06 (3), Stats., provides:

"At the next regular meeting, and in any event no later than thirty days after the filing of the said petition, . . . the town board of such town *shall* by resolution provide for a referendum to the electors of the said district. . . ."

The mandate of the statute is plain. If the petition and other documents are valid on their face, the Town Board must call the election.

*By the Court.*—Judgment affirmed.